**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KARINE MOVSESYAN, | No. 10-73652 |
| Petitioner, | Agency No. A095-294-250 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 3, 2014
Pasadena, California

Before: TROTT and CALLAHAN, Circuit Judges, and BENNETT, District
Judge.[**]

Karine Movsesyan petitions for review of the Board of Immigration

Appeals' ("Board") opinion denying Movsesyan asylum, withholding of removal,

and relief under the Convention Against Torture. Underlying the Board's decision

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Mark W. Bennett, District Judge for the U.S. District
Court for the Northern District of Iowa, sitting by designation.

was the determination that Movsesyan did not testify credibly about her history of whistle blowing, her ties to Arkady Vardanian, the leader of an opposition political party, and her abuse and persecution by the Armenian government. Because we conclude that the Board's adverse credibility finding is supported by substantial evidence, we deny the petition.

Movsesyan argues in part that the adverse credibility finding was unwarranted because (1) the Board erroneously relied on a State Department consular report and a forensic report from ICE to conclude that she had submitted fraudulent documents in support of her application and (2) the Board failed to consider Movsesyan's psychologist's testimony. We do not have jurisdiction to consider these issues. Movsesyan raised these issues for the first time in her motion to reopen under the Board's sua sponte authority, and the Board denied that motion. That was entirely within the Board's discretion. See Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir. 2002) (interpreting 8 C.F.R. § 1003.2(a)'s identical predecessor regulation). As a result, the Board's exercise of its unfettered discretion is nonjusticiable. Id.; Mejia-Hernandez v. Holder, 633 F.3d 818, 823-24 (9th Cir. 2011) (reaffirming Ekimian).

At least four pieces of evidence support the adverse credibility finding: (1) the fraudulent medical histories and police reports Movsesyan submitted; (2) the

2

discrepancies surrounding the name of the pharmacy and her employment history there; (3) Movsesyan's inconsistent description of her travels from Armenia; and (4) Movsesyan's shifting account of the Armenian National Security Ministry summons. Even if we were to consider and agree with Movsesyan's challenge to the State Department consular report and the ICE forensic report, which we do not, we would still be "bound to accept the negative credibility finding," because more than "one of the identified grounds underlying [the Board's] negative credibility finding is supported by substantial evidence and goes to the heart of [Movsesyan's] claims." Khadka v. Holder, 618 F.3d 996, 1000 (9th Cir. 2010).

**Petition Denied.**